# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KOO KWANG JUNG,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF NEVADA,<br><br>    Respondent. | Case No. 3:12-cv-00614-RCJ-VPC<br><br>**ORDER** |

    Petitioner has submitted a petition for a writ of mandamus (#2). He asks the court to order his release from custody and for monetary damages. In the alternative, he asks the court to order the State of Nevada to respond, and the Nevada Supreme Court to rule, in a case currently before the Nevada Supreme Court.

    The court will address petitioner's alternative request first. This court lacks jurisdiction to issue a writ of mandamus under these circumstances. The All Writs Act, 28 U.S.C. § 1651, allows the court to grant extraordinary writs where the court has jurisdiction. However, the All Writs Act does not confer jurisdiction by itself; instead, another statutory or constitutional provision must confer jurisdiction upon the Court. Stafford v. Superior Court, 272 F.2d 407, 409 (9th Cir. 1959). No such provision exists that would give this court jurisdiction to issue a writ of mandamus to a state court. See Demos v. United States Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

    Monetary relief is not available to petitioner now. Petitioner is in custody pursuant to a judgment of conviction of a state court. Success on the merits of petitioner's claim for monetary

relief would necessarily imply the invalidity of that judgment of conviction. Petitioner must first have that judgment of conviction invalidated through other means before he can obtain monetary relief. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

To the extent that petitioner is seeking release from custody, the court will dismiss this action. Because petitioner is in custody pursuant to a judgment of conviction of a state court, he must seek relief through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is not on the court's form required by Local Rule LSR 3-1. Furthermore, in Koo Kwang Jung v. Palmer, 3:12-cv-00382-LRH-WGC, petitioner has repeatedly refused to file a § 2254 petition despite the court's directives.

To the extent that a certificate of appealability pursuant to 28 U.S.C. § 2253 is necessary, reasonable jurists would not find the court's dismissal of this action to be debatable or wrong. The court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that the clerk of the court shall send petitioner two blank forms for an application to proceed in forma pauperis for incarcerated litigants and two blank habeas corpus petition forms pursuant to 28 U.S.C. § 2254 with instructions.

IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice to petitioner's commencement of a new action in which submits a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the court's form, and in which he either pays the filing fee in full or submits a complete application to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: January 15, 2013.

ROBERT C. JONES
Chief United States District Judge